IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LUIS VASQUEZ, DAVID GREENWOOD,
JAVIER SALAZAR, JULIAN LOPEZ                                    ORDER
and ANTHONY RIACH,

                                                                                                  11-cv-806-bbc

           Plaintiffs,

              v.

DANIEL BRAEMER, DON STRAHOTA,
WILLIAM POLLARD, PAMELA ZANK,
JEFFREY GARBELMAN, MICHAEL THURMER
and GARY ANKARLO,
                          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is a group action brought by plaintiffs, inmates at the Waupun Correctional Institution, alleging violations of their constitutional rights. Each plaintiff has filed a request for leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u>. A decision on the requests will be delayed until each plaintiff makes an initial partial payment of the $350 filing fee and until each plaintiff confirms that he wishes to prosecute his action in a group complaint, knowing the consequences of doing so.

      First, although plaintiffs have joined their claims in one complaint, each is bringing an action subject to the 1996 Prison Litigation Reform Act and each must pay the full $350

1

fee for filing the action. Boriboune v. Berge, 381 F.3d at 856. Before this court can screen the complaint, each plaintiff will have to pay an initial partial payment of the fee pursuant to 28 U.S.C. § 1915(b) and is responsible for paying the remainder of the fee in installments pursuant to 28 U.S.C. § 1915(b)(2).

In addition, if the court finds that the entire action is legally frivolous (meaning completely without merit) or malicious or that it fails to state a claim upon which relief may be granted, the court will be required to record a strike under 28 U.S.C. § 1915(g) against each plaintiff named in the caption of the action. (A litigant who incurs a total of three strikes for filing meritless actions cannot file in forma pauperis in any case except one in which he alleges that he is in immediate danger.)

Each plaintiff will be held legally responsible for knowing precisely what is being filed in the case on his behalf and will be subject to sanctions under Fed. R. Civ. P. 11 for any pleading, motion or other paper filed over his name if such sanctions are found warranted in any aspect of the case.

Finally, in screening the complaint, the court will consider whether the action of one plaintiff should be severed from the action of the other plaintiff and, if it decides severance is appropriate, the plaintiff bringing the severed action will be required to prosecute his claims in a separate lawsuit.

Because plaintiffs may not have been aware of the consequences of joining their

claims in one lawsuit, I will give each an opportunity to withdraw from the suit. Any plaintiff who does not withdraw will be required to make an initial payment of the $350 fee for filing the action whether he prosecutes the case separately or with other plaintiffs. That means that each plaintiff must submit a trust fund account statement for the six-month period immediately preceding the filing of the complaint. The complaint in this case was submitted on November 29, 2011. Therefore, each plaintiff should submit a trust fund account statement for the six-month period beginning approximately May 29, 2011 and ending approximately November 29, 2011. Once plaintiffs have each submitted the necessary statement, I will calculate each plaintiff's initial partial payment and advise him of the amount he will have to pay before the court can screen the merits of his complaint under 28 U.S.C. § 1915(e)(2). Should a plaintiff choose to withdraw from the lawsuit, he will not have to pay the $350 filing fee. Similarly, should a plaintiff fail to respond to this order, he will be considered to have withdrawn from the lawsuit and he will not have to pay the filing fee.

3

ORDER

IT IS ORDERED that

1. Each plaintiff may have until January 3, 2012, in which to advise the court whether he wishes to prosecute this action jointly.

2. If plaintiffs decide to proceed with the action, each may have until January 3, 2012, in which to submit a trust fund account statement covering the period beginning May 29, 2011 and ending November 29, 2011. If, by January 3, 2012, any plaintiff fails to submit the required statement, that plaintiff will be considered to have withdrawn from the lawsuit voluntarily and will be dismissed from the case without being charged any portion of the $350 filing fee.

Entered this 6th day of December, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge