IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LUIS VASQUEZ, DAVID GREENWOOD,
JAVIER SALAZAR, JULIAN LOPEZ                                             ORDER
and ANTHONY RIACH,
                                                                                                11-cv-806-bbc
          Plaintiffs,

      v.

DANIEL BRAEMER, DON STRAHOTA,
WILLIAM POLLARD, PAMELA ZANK,
JEFFREY GARBELMAN, MICHAEL THURMER
and GARY ANKARLO,
                   Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is a group action brought by plaintiffs, prisoners at Waupun Correctional Institution, alleging violations of their constitutional rights. In an order entered in this case on December 6, 2011, I explained that under <u>Boriboune v. Berge</u>, 391 F.3d 852, 856 (7th Cir. 2004), each plaintiff is subject to the Prisoner Litigation Reform Act and must pay a separate $350 filing fee. In addition, I cautioned plaintiffs about the consequences of prosecuting this lawsuit in a group complaint. I gave plaintiffs until January 3, 2012, to advise the court whether each of them wishes to prosecute this action jointly. In the same order, I gave plaintiffs until January 3 to submit trust fund account statements covering the

1

period from May 29, 2011 and ending approximately November 29, 2011 so that their initial partial payments could be assessed. In response to the December 6 order, each plaintiff has submitted a letter stating that he would like to go forward jointly in this case and each plaintiff has submitted a six-month certified trust fund account statement.

Next, I must address plaintiffs' requests for leave to proceed *in forma pauperis*. As mentioned above, because plaintiffs are prisoners, they are subject to the 1996 Prisoner Litigation Reform Act. This means that before this court may decide whether they can proceed with their complaint *in forma pauperis*, plaintiffs will each have to make an initial partial payment of the filing fee. The initial partial payment is calculated by using the method established in 28 U.S.C. § 1915, that is, by figuring 20% of the greater of the average monthly balance or the average monthly deposits to the plaintiff's trust fund account statement.

From plaintiff Vasquez's statement, I have calculated his initial partial payment to be $50.12. If plaintiff Vasquez does not have the money to make the initial partial payment in his regular account, he will have to arrange with prison authorities to pay some or all of the assessment from his release account. This does not mean that plaintiff Vasquez is free to ask prison authorities to pay *all* of his filing fee from his release account. The only amount he must pay at this time is the $50.12 initial partial payment. Before prison officials take any portion of that amount from plaintiff Vasquez's release account, they may first take from his regular account whatever amount up to the full amount he owes.

2

From plaintiff Greenwood's statement, I have calculated his initial partial payment to be $135.13. If plaintiff Greenwood does not have the money to make the initial partial payment in his regular account, he will have to arrange with prison authorities to pay some or all of the assessment from his release account. This does not mean that plaintiff Greenwood is free to ask prison authorities to pay *all* of his filing fee from his release account. The only amount he must pay at this time is the $135.13 initial partial payment. Before prison officials take any portion of that amount from plaintiff Greenwood's release account, they may first take from his regular account whatever amount up to the full amount he owes.

From plaintiff Salazar's statement, I have calculated his initial partial payment to be $57.06. If plaintiff Salazar does not have the money to make the initial partial payment in his regular account, he will have to arrange with prison authorities to pay some or all of the assessment from his release account. This does not mean that plaintiff Salazar is free to ask prison authorities to pay *all* of his filing fee from his release account. The only amount he must pay at this time is the $57.06 initial partial payment. Before prison officials take any portion of that amount from plaintiff Salazar''s release account, they may first take from his regular account whatever amount up to the full amount he owes.

From plaintiff Lopez's statement, I have calculated his initial partial payment to be $121.46. If plaintiff Lopez does not have the money to make the initial partial payment in

3

his regular account, he will have to arrange with prison authorities to pay some or all of the assessment from his release account. This does not mean that plaintiff Lopez is free to ask prison authorities to pay *all* of his filing fee from his release account. The only amount he must pay at this time is the $121.46 initial partial payment. Before prison officials take any portion of that amount from plaintiff Lopez's release account, they may first take from his regular account whatever amount up to the full amount he owes.

From plaintiff Riach's statement, I have calculated his initial partial payment to be $102.78. If plaintiff Riach does not have the money to make the initial partial payment in his regular account, he will have to arrange with prison authorities to pay some or all of the assessment from his release account. This does not mean that plaintiff Riach is free to ask prison authorities to pay *all* of his filing fee from his release account. The only amount he must pay at this time is the $102.78 initial partial payment. Before prison officials take any portion of that amount from plaintiff Riach's release account, they may first take from his regular account whatever amount up to the full amount he owes.

With regard to future filings in this case, plaintiffs should be aware of the rules governing communications with the court and parties to the lawsuit. Those rules are listed in a book titled "Federal Civil Judicial Procedure and Rules." In particular, plaintiffs are directed to Rule 5, which requires that every piece of paper in connection with a lawsuit be served on each party, and Rule 11, which requires a signature on every pleading, written

4

motion and other paper. Plaintiffs are equally responsible for the prosecution of this lawsuit. Any document that purports to state the position of both plaintiffs must be signed by all of the plaintiffs. If a plaintiff intends to file a document on his behalf only, that plaintiff must provide a copy of the document to the other plaintiff and indicate that he has served all parties in the case, or his filing will not be considered.

ORDER

IT IS ORDERED that

1. Plaintiff Vasquez may have until January 26, 2012, in which submit $50.12 as an initial partial payment of the $350 fee for filing this case. If, by January 26, 2012, plaintiff Vasquez fails to make the necessary initial partial payment or show cause for his failure to do so, he will be held to have withdrawn this action voluntarily.

2. Plaintiff Greenwood may have until January 26, 2012, in which submit $135.13 as an initial partial payment of the $350 fee for filing this case. If, by January 26, 2012, plaintiff Greenwood fails to make the necessary initial partial payment or show cause for his failure to do so, he will be held to have withdrawn this action voluntarily. .

3. Plaintiff Salazar may have until January 26, 2012, in which to submit $57.06

as an initial partial payment of the $350 fee for filing this case. If, by January 26, 2012, plaintiff Salazar fails to make the necessary initial partial payment or show cause for his failure to do so, he will be held to have withdrawn this action voluntarily.

4. Plaintiff Lopez may have until January 26, 2012, in which to submit $121.46. as an initial partial payment of the $350 fee for filing this case. If, by January 26, 2012, plaintiff Lopez fails to make the necessary initial partial payment or show cause for his failure to do so, he will be held to have withdrawn this action voluntarily.

5. Plaintiff Riach may have until January 26, 2012, in which to submit $102.78 as an initial partial payment of the $350 fee for filing this case. If, by January 26, 2012, plaintiff Riach fails to make the necessary initial partial payment or show cause for his failure to do so, he will be held to have withdrawn this action voluntarily.

Entered this 5th day of January, 2012.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge