IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LUIS VASQUEZ, DAVID GREENWOOD,
JAVIER SALAZAR, JULIAN LOPEZ
and ANTHONY RIACH,

                                                               OPINION and ORDER

             Plaintiffs,

                                                                11-cv-806-bbc

      v.

DANIEL BRAEMER, DON STRAHOTA,
WILLIAM POLLARD, PAMELA ZANK
and MICHAEL THURMER,

            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is a group civil action for monetary and injunctive relief brought under 42 U.S.C. § 1983 by plaintiffs Luis Vasquez, David Greenwood, Javier Salazar, Julian Lopez and Anthony Riach regarding the allegedly harsh conditions of administrative confinement at the Waupun Correctional Institution. In an August 13, 2013 order, I granted defendants' motion for summary judgment. Judgment was entered on August 14, 2013.

      Since then, plaintiffs have filed a flurry of documents regarding an appeal. On August 30, 2013, plaintiff Vasquez filed a motion for extension of time to file a notice of appeal because his transfer from the Wisconsin Resource Center back to the Waupun Correctional Institution would delay his ability to obtain his legal materials, research the case and secure signatures from his co-plaintiffs. On September 16, 2013, plaintiffs submitted a notice of

1

appeal (signed by only plaintiffs Vasquez and Lopez) along with a motion for extension of time to submit a notice with all five plaintiff's signatures. On September 20, the court received a copy of the notice of appeal signed by plaintiff Greenwood. On September 24 the court received copies of the notice of appeal signed by plaintiffs Salazar and Riach.

Under Fed. R. App. P. 4(a)(5), I may grant a party's motion for an extension of time to file a notice of appeal if the party files its motion no later than 30 days after the deadline to appeal (in this case the deadline to appeal was September 13, 2013) and I find good cause or excusable neglect. There is no question that the motion for extension of time is timely. It is unclear whether plaintiff's notice of appeal is even late in the first place (at least with regard to plaintiffs Vasquez and Lopez, because it is possible they signed and placed it in the prison mail stream by the September 13 deadline), but in any case, given the difficulties faced by plaintiffs in coordinating several signatures and Vasquez's transfer, I conclude that there is good cause. Therefore I will grant their motion for extension of time. Because all of the plaintiffs submitted signed copies of the notice of appeal by September 24, I conclude that they have all filed a timely notice of appeal. Plaintiffs' later motion for an extension of time to submit a notice with all five plaintiffs' signatures is mooted by their subsequent filings.

The next issue is the payment of filing fees on appeal. Plaintiffs have filed a motion asking the court to allow them to proceed by paying only one $455 fee (which plaintiff Vasquez has already paid). I must deny this request because the Court of Appeals for the Seventh Circuit has made it clear that 28 U.S.C. § 1915 requires each plaintiff to pay a full

2

filing fee for an action or appeal.  Boriboune v. Berge, 391 F.3d 852, 855 (7th Cir. 2004).

Plaintiffs have filed two motions for an extension of time to submit their motions for leave to proceed in forma pauperis, supporting financial information and their individual fees.  I will deny these motions as unnecessary because this court routinely gives appealing parties a chance to submit these materials following the filing of a notice of appeal.  In any case, three of the plaintiffs (Greenwood, Salazar and Lopez) have submitted motions for leave to proceed in forma pauperis on appeal.  (Plaintiff Vasquez has paid the full $455 fee and as I will discuss further below, plaintiff Riach has filed a motion to be removed from the appeal.)

Plaintiffs' requests for leave to proceed in forma pauperis on appeal are governed by the 1996 Prison Litigation Reform Act.  This means that this court must determine first whether each plaintiff's request must be denied either because he has three strikes against him under 28 U.S.C. § 1915(g) or because the appeal is not taken in good faith.  None of the plaintiffs have three strikes against them and I do not intend to certify that their appeal is taken in bad faith.

The next step is for each plaintiff proceeding in forma pauperis to make an initial partial payment of the filing fee that has been calculated from a certified copy of his trust fund account statement for the six-month period immediately preceding the filing of his notice of appeal. 28 U.S.C. § 1915(a)(2). From the trust fund account statements provided by plaintiffs Salazar and Lopez, I conclude that each of them qualifies for indigent status. I calculate Salazar's initial partial payment to be $21.92 and Lopez's to be $134.19.

If either Salazar or Lopez does not have the money to make the initial partial appeal payment in his regular account, he will have to arrange with prison authorities to pay some or all of the assessment from his release account. Before prison officials take any portion of that amount from his release account, they may first take from his regular account whatever amount up to the full amount plaintiff owes. Salazar and Lopez should show a copy of this order to prison officials to make sure they are aware they should send the initial partial appeal payments to this court.

As for plaintiff Greenwood, he has not attached a copy of his trust fund account statement. I will give plaintiff until November 22, 2013 to submit this document. In his submission, Greenwood states that he is unsure how to accomplish this, attaching a rejected request. It seems that the request was rejected because plaintiff did not include funds for postage and copies. He should include those funds and renew his request. Also, he states that he was told he needs to file a "waiver of service of process." That is unnecessary in this case. All Greenwood has to do is submit his request and the appropriate funds to his institution's business office and have the trust fund account statement sent to the court. Defendants have agreed to accept electronic service of any documents he files in this case. I note also that Greenwood has recently attempted to submit the full filing fee instead, but his check for $450 was returned because it was not enough; the full amount due is $455. If Greenwood would rather pay the entire appellate filing fee up front, he may do that instead of submitting a trust fund account statement.

Finally, plaintiff Riach has filed motions both in this court and in the court of appeals

stating that he would like to withdraw from the appeal. The court of appeals has already told Riach that he will still need to pay the $455 filing fee because he submitted a signed copy of the notice of appeal and has given him a chance to file a renewed motion to withdraw. Therefore I will deny Riach's motion in this court and await his response to the court of appeals' order before taking any further action regarding his role in the appeal.

ORDER

IT IS ORDERED that

1. The motion filed by plaintiffs Luis Vasquez, David Greenwood, Javier Salazar, Julian Lopez and Anthony Riach for an extension of time to file a notice of appeal from the August 14, 2013 judgment, dkt. #106, is GRANTED.

2. Plaintiffs' motion for an extension of time to submit a notice with all five plaintiffs' signatures, dkt. #108, is DENIED as moot.

3. Plaintiffs' motion to submit one $455 filing fee for their joint appeal, dkt. #108, is DENIED.

4. Plaintiffs' motions for an extension of time to submit their motions for leave to proceed in forma pauperis, supporting financial information and individual fees, dkt. #108, 122, are DENIED as unnecessary.

5. Plaintiffs Lopez's and Salazar's motions for leave to proceed in forma pauperis on appeal, dkt. #124, 132, are GRANTED. Plaintiff Lopez may have until November 29, 2013, in which to submit a check or money order made payable to the clerk of court in the

amount of $134.19. Plaintiff Salazar may have until November 29, 2013, in which to submit a check or money order made payable to the clerk of court in the amount of $21.92. If either of these plaintiffs fails to pay the initial partial payment or explain his failure to do so, I will advise the court of appeals of his noncompliance in paying the assessment so that it may take whatever steps it deems appropriate with respect to this appeal.

6. Plaintiff Greenwood may have until November 22, 2013, in which to submit a trust fund account statement for the period beginning March 16, 2013 and ending approximately September 16, 2013.

7. Plaintiff Riach's motion to withdraw from the appeal, dkt. #131, is DENIED.

8. The clerk of court is directed to insure that the court's financial records reflect plaintiffs Greenwood's, Salazar's, Lopez's and Riach's obligation to pay the $455 fee for this appeal.

Entered this 12th day of November, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge